**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| BOGDAN BLASHISHIN, | Case No.    3:21-cv-00960 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION TITLE VII DISCRIMINATION AND RETALIATION; FMLA; AND SUPPLEMENTAL STATE LAW CLAIMS |
| KEYSTONE AUTOMOTIVE INDUSTRIES, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

# I. PRELIMINARY STATEMENT

    1.    Plaintiff Bogdan Blashishin brings this action to remedy violations of Plaintiff's

statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* as

amended; the FMLA - 29 U.S.C. § 2601 *et seq.*; as well as supplementary state claims. Plaintiff

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

seeks equitable relief, including economic and noneconomic damages, as well as attorneys' fees and costs.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.      Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or on the common law as the Oregon claims arise from the same nucleus of operative facts as the federal claims.

4.      All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

a.      On or about July 6, 2020, Plaintiff filed a complaint for discrimination based on his religion, retaliation for whistleblowing activities, and retaliation for his invocation of the Oregon Sick Time Law with the Oregon Bureau of Labor and Industries ("BOLI"). BOLI assigned the complaint Case No. EEEMRG200706-10732. Also on or about July 6, 2020, Plaintiff filed a complaint with BOLI for unlawful employment retaliation based on his whistleblowing activities which was assigned Case No.OSEMOS200706-10731.

b.      BOLI co-filed the administrative complaint with the U.S. Equal Opportunity Commission (EEOC) under Title VII of the Civil Rights Act and it was assigned EEOC Charge No. 38D-2021-00254 for Title VII and the Americans with Disabilities Act .

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

c.      On or about December 2, 2020, Plaintiff filed a supplemental complaint of

discrimination with the Oregon Bureau of Labor and Industries Case No.

EEMNO201202-11626 for OFLA interference, for national origin discrimination, And

Whistleblower discrimination.

d.      On March 30, 2021, BOLI issued Plaintiff a notice of suit rights letter for

Case No. OSEMOS200706-10731. This lawsuit was filed within 90 days of BOLI's

issuance of the notice of suit rights letter.

5.      The pendent claims are filed timely. Furthermore, if the expiration of the time to

commence an action or give notice of a claim falls within the time in which any declaration of a

state of emergency issued by the Governor related to COVID-19, and any extension of the

declaration, is in effect, or within 90 days after the declaration and any extension is no longer in

effect, the expiration of the time to commence the action or give notice of the claim is extended

to a date 90 days after the declaration and any extension is no longer in effect.

6.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the

claim arose in this Judicial District. Venue is appropriate in the Portland Division since Plaintiff

worked in Portland.

### III. <u>PARTIES</u>

7.      Defendant Keystone Automotive Industries, Inc. is an Illinois corporation

qualified to do business in Oregon. Said Defendant does business as LKQ Corp. Defendant

distributes aftermarket automotive replacement parts. Defendant distributes new parts as well as

salvaged parts from vehicles damaged in collisions. Defendant supplies parts such as bumpers,

allow wheels, body panels, lighting components, and mirrors. Defendant serves auto body shops

and dealerships in the United States and Canada.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

8.     At all times material, Plaintiff worked for Defendant in Portland, Multnomah County, Oregon. Defendant operates multiple stores in Portland, Oregon. In the Portland, Oregon metropolitan area, the company operates LKQ Foster Auto Parts and NTP Distribution, Inc. in Wilsonville, Oregon.

9.     Plaintiff is a permanent resident of the United States. Plaintiff's national origin is Ukrainian.

10.     Plaintiff's religion is Messianic Judaism. Messianic Judaism is a modern syncretic Christian religious movement that incorporates some elements of Judaism and Jewish tradition with Evangelical Christianity. Plaintiff and others who adhere to this religion observe a diet that excludes the consumption of pork, and they observe Shabbat, the day of rest on the seventh day of the week, starting at sunset every Friday.

11.     At all times relevant, Defendant's employees and supervisors, as their conduct is alleged herein were acting within the course and scope of their employment with Defendant. Those employees and supervisors include, but are not limited to, the following: Sales Manager Dane Wright; Plant Human Resources Manager Karen Olenick; District Manager NW Art Mobley; Supervisor Justin Krubum; Manager Chad Morris; and Manager Robert Larson.

12.     On October 20, 2015, Defendant hired Plaintiff as a sales representative. The hiring managers were Duane Ferguson and Jeremy Jondal. At that time, Plaintiff told Ferguson and Jondal that he would need to end his workday before sunset on Fridays so as to observe his religious Shabbat. This, of course, would only occur during the later Fall and Winter. Neither Ferguson nor Jondal expressed any concern with Plaintiff leaving work before sunset on Fridays and there were no issues with Plaintiff leaving work early on Fridays to observe Shabbat until 2019.

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

13.    Plaintiff's rate of pay was $13.50 per hour when he was first hired. He was required to meet numerous conditions to begin receiving commission pay. Once he met the conditions, Plaintiff would be paid on a commission only basis. In or about February 2016, Plaintiff brought it to the attention of Manager Chad Morris that the requirements he had to meet to earn commission were much more extensive than the those of the non-Slavic sales representatives. Morris, but Morris ignored or disregarded Plaintiff's concerns.

14.    By mid-2016, Plaintiff had met all of the requirements of the ever-growing list of conditions for his commission payment, yet he was still being paid only the $13.50 hourly rate. Around this time, a corporate representative attended one of the morning meetings at Plaintiff's worksite. Plaintiff told the representative that he believed he was being discriminated against because he was Slavic and because the majority of his customers were from the Slavic community. Not long after his report of discrimination to corporate, Plaintiff began receiving commission pay instead of the low hourly rate of $13.50 per hour.

15.    In 2018, Mobley terminated Manager Jeremy Jondal because Mobley believed that Jondal wanted his District Manger position.

16.    In early 2019, Dane Wright became the Sales Manager and supervisor that Plaintiff reported to. Prior to that time, Wright had been a sales representative colleague of Plaintiff. When they were colleagues, Dane Wright was often noticeably angry toward Plaintiff because Plaintiff's sales numbers were higher than Wright's. Wright was very close with Defendant's District Manager Northwest Art Mobley. They had both served in the U.S. armed forces and had bonded over their service experiences. Mobley had always looked the other way when Wright arrived to work late, left work early, or used inappropriate language in the workplace. Mobley was not so lenient with other employees.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

17.    In July 2019, Plaintiff told Wright that Plaintiff's father's health was rapidly deteriorating. Plaintiff told Wright that he was very close to his father, that his father did not speak English, and that would need time off from work to take his father to his father's various medical appointments.

18.    On the first Friday in November 2019, after daylight saving time had ended, Plaintiff asked his supervisor, Sales Manager Dane Wright, for permission to leave work before sunset to observe Shabbat. Wright denied Plaintiff's request. Wright told Plaintiff that Plaintiff had "made up" his religion and that he was a "fraud" for following a "false religion." Wright even said that he should join a religion so he too could leave work early. Plaintiff reported Wright's offensive statements to Defendant's Human Resources Department, but Human Resources did not stop Wright's offensive statements from occurring.

19.    Following Plaintiff's report to Human Resources, Plaintiff Wright retaliated against him by telling Plaintiff's co-workers that Plaintiff left work on Fridays because of his fake religion. Plaintiff's co-workers then made fun of Plaintiff. His co-workers taunted Plaintiff by saying "It's sunset, aren't you going home?". Plaintiff reported these offensive comments to Defendant's Human Resources department but the comments from co-workers continued to occur.

20.    At times, Defendant provided food for its employees in Portland as a perquisite Plaintiff had repeatedly told his co-workers and Wright that he did not and could not eat pork and asked if a different meat or food could be supplied that he could eat. Defendant ignored Plaintiff's requests and continued to supply food made from pork for these perquisite events. When Plaintiff knew that Defendant was bringing food in for his coworkers, Plaintiff would bring his own food from home. Nevertheless, Plaintiff felt isolated from his co-workers as he

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

could not join with the others. Plaintiff reported to Plant Human Resources Manager Karen

Olenick that he could not eat the pork that was being supplied to employees, but Defendant

continued providing pork to its employees.

21.    In February 2020, Plaintiff expressed his concerns about the COVID-19 virus to

Wright. Plaintiff told Wright that he was very concerned about the possibility of getting the virus

at work and passing it on to his very ill father. Plaintiff told Wright that he needed to help his

mother move his father for personal and intimate care because Plaintiff's father is a large man.

Plaintiff asked for permission to work remotely. Plaintiff made that request on multiple

occasions. Plaintiff's requests to work remotely were repeatedly denied even though other

employees were being allowed to work remotely.

22.    In February 2020, Plaintiff reported to Plant Human Resources Manager Karen

Olenick, Sales Manager Dane Wright, and Warehouse Manager Wendy Wells-Lindsay that the

work environment was unsafe due to the COVID pandemic and Defendant's work practices. In

particular, Plaintiff reported his concern about a keyboard that he had to use which was also

being touched by as many as fifty employees every day. Plaintiff also reported that social

distancing was not being practiced in the workplace. Plaintiff also reported that he was being

denied breaks and lunches at work. Olenick replied "No, no, no. I don't want to hear that."

23.    Throughout February 2020, Plaintiff repeatedly requested to work remotely from

home. Wright angrily told Plaintiff "If you don't stop asking to work from home, you won't get

to work from home!" Plaintiff requested, at the very least that Defendant provide employees with

face masks. Plaintiff was told by Wright that if he wanted a face mask, he would need to get his

own mask, but that Defendant would not provide masks for its employees.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

24.     Eventually, in March 2020, Plaintiff was allowed to work remotely. Plaintiff continued to work from home until he was suspended and then terminated from employment in May 2020.

25.     On May 6, 2020, Wright called Plaintiff and told him he was suspended for three days. Wright directed Plaintiff stop working from home and to return to the workplace. At that time, Plaintiff requested to take medical leave to care for his elderly father who was significantly ill. Wright told Plaintiff provide his father's medical records to prove that his father was actually sick. Plaintiff contacted Olenick about his suspension, but she said she knew nothing about it.

26.     On May 12, 2020, Plaintiff was directed to participate in a three-way telephone conversation with Defendant's District Manager Northwest Art Mobley and Plant Human Resources Manager Karen Olenick. During that telephone conversation, in support of Wright's suspension of Plaintiff, Mobley accused Plaintiff of stealing from Defendant. Specifically, Mobley accused Plaintiff of stealing because Plaintiff had made three requests to Manager Chad Morris to reduce the price of an item for a customer, as was consistent Defendant's practice of price-matching. Morris had denied all three of Plaintiff's requests without providing any reason for his denials. Because the approval of management was required to reduce a price, Plaintiff charged the customer the higher price. Mobley threatened Plaintiff with termination of employment for allegedly following through with the price matching. During the telephone call, Mobley asserted that Plaintiff had done price matching because the customer was Slavic. Olenick told Mobley that he could not terminate Plaintiff. During the telephone conversation Plaintiff again requested family medical leave to take care for his father. Mobley told Plaintiff he could take paid time off from work but did not tell Plaintiff he could take medical leave. Mobley then

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

told Plaintiff that he could no longer work remotely and then directed Plaintiff to come into work and drop his computer off.

27.     On May 12, 2021, following his telephone conversation with Mobley and Olenick, Plaintiff went into work with his computer as directed. While Plaintiff was at work that day, he requested a copy of Defendant's employee handbook from Supervisor Justin Krubum. Another manager, Robert Larson, called District Manager Art Mobley and told him that Plaintiff requested a copy of the employee handbook. Larson then terminated Plaintiff's employment. When Plaintiff asked why his employment was being terminated, Larson said that he was following Mobley's instructions.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

(Title VII Civil Rights Act of 1964)

(Religious and National Origin Discrimination – 42 U.S.C. §2000e-2)

28.     Plaintiff alleges all prior relevant paragraphs as if fully set forth herein.

29.     At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

30.     Defendant discriminated against Plaintiff with respect to the terms and conditions of his employment including compensation because of Plaintiff's religion and national origin as alleged above. Defendant ultimately discharged Plaintiff from employment.

31.     As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer economic and noneconomic damages in an amount to be proved at trial.

32.     Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

pecuniary losses. Plaintiff's economic damages are continuing in nature and are not presently known.

33.     Plaintiff is entitled to an award for non-economic damages for his emotional distress.

34.     To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

35.     Plaintiff is entitled to post-judgment interest on all damages, costs and attorneys' fees from the date of judgment until the date paid.

36.     Pursuant to 42 U.S.C. § 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

37.     Plaintiff also seeks an award for such additional relief as justice may require.

**SECOND CLAIM FOR RELIEF**

(Title VII Civil Rights Act of 1964)

(Religion and National Origin Retaliation - 42 U.S.C. § 2000e-3)

38.     Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

39.     At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

40.     Defendant discriminated and retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff opposed unlawful religious and based on Plaintiff's national origin.

41.     As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer economic and noneconomic damages in an amount to be proved at trial.

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

42.    Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay and lost benefits. Plaintiff should be awarded past economic damages in an amount determined fair by a jury to compensate Plaintiff for lost employment opportunities, including, but not limited to, promotions and raises. Plaintiff's economic damages are continuing in nature and are not presently known.

43.    Plaintiff is entitled to non-economic damages for his emotional distress.

44.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

45.    Plaintiff is entitled to post-judgment interest on all damages, costs, and attorneys' fees from the date of judgment until the date paid.

46.    Pursuant to 42 U.S.C. § 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

47.    Plaintiff also seeks an award for such additional relief as justice may require.

### THIRD CLAIM FOR RELIEF

(Unlawful Employment Practices – ORS 659A.030)

48.    Plaintiff realleges Plaintiff all prior relevant paragraphs as if fully set forth herein.

49.    Defendant discriminated against Plaintiff in the terms and conditions of his employment based on his religion and national origin.

50.    Defendant allowed a hostile work environment to exist for Plaintiff because of his religion.

51.    Defendant discharged Plaintiff from employment.

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

52.    As a result of Defendant's discriminatory conduct, Plaintiff is entitled to economic damages for back pay and front pay, plus prejudgment interest.

53.    As a further result of defendant's discriminatory conduction, Plaintiff suffered from humiliation, emotional distress, and loss of enjoyment of life for which he is entitled to be compensated at an amount set by the jury.

54.    Pursuant to ORS 659A.885, Plaintiff is entitled to recover his reasonable attorneys' fees, costs, and expert fees.

## FOURTH CLAIM FOR RELIEF

(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)

55.    Plaintiff realleges all relevant paragraphs.

56.    Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4).

57.    Defendant employed at least 50 employees for each working day during each of 20 or more calendar work weeks in 2019, the year before Plaintiff attempted to take leave, and 2020, the year leave was sought to be taken.

58.    At all times material, Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

59.    At all times in 2020, defendant employed 50 or more employees with 75 miles of the worksite where Plaintiff performed work for defendant.

60.    Plaintiff was employed by defendant for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

61.    Plaintiff was employed by defendant for more than 12 months prior to seeking leave in 2020.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

62.     Plaintiff sought to take family leave protected by the Family Medical Leave Act (FMLA).

63.     At all material times, Plaintiff's father suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

64.     Defendant interfered, discriminated and retaliated against Plaintiff for engaging in the protected activity of attempting to take family leave under FMLA.

65.     Defendant interfered, discriminated, and retaliated against Plaintiff for attempting to take family leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff and refusing to reinstate Plaintiff to employment.

66.     As a direct and proximate result of defendant's interference, discrimination and retaliation, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to Plaintiff's economic damages in an amount to be determined at trial.

67.     The court should enter an order declaring that defendant violated the FMLA.

68.     To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

69.     Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

70.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorneys' fees, expert fees, and costs incurred herein.

71.     Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

## FIFTH CLAIM FOR RELIEF

(Oregon Family Leave Act – ORS 659A.150 et. seq.)

72.     Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

73.     Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

74.     Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year 2017, 2018, and 2019.

75.     Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the years 2017, 2018, and 2019.

76.     Immediately prior to commencing family leave in 2018 and 2019, Plaintiff worked for Defendant for more than 180 days.

77.     Plaintiff worked an average of more than 25 hours per week for Defendant during the 180 days immediately preceding the dates on which Plaintiff commenced family leave.

78.     At all material times, Plaintiff's father had a serious health condition as that term is defined in ORS 659A.150(6).

79.     Defendant interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

80.     As a result of Defendant's interference, discrimination, and retaliation against Plaintiff, Plaintiff suffered and continues to suffer economic losses.

81.     As a result of Defendant's discrimination and retaliation against Plaintiff, Plaintiff is entitled to equitable relief.

82.     Pursuant to 659A.885, Plaintiff is entitled to recover back pay.

83.     The court should enter an order declaring that Defendant violated the OFLA.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

84.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

85.    Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorneys' fees and costs, including expert witness fees.

### SIXTH CLAIM FOR RELIEF

(ORS 659A.199 – Whistleblower)

86.    Plaintiff re-alleges all relevant paragraphs.

87.    Plaintiff reported to Defendant conduct that Plaintiff believed were violations of state and federal laws.

88.    Defendant discriminated and retaliated against Plaintiff because of the reports made by Plaintiff. Defendant's actions violated ORS 659A.199, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.

89.    Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

90.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

91.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

92.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

93.    Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorneys' fees and costs, including expert witness fees.

94.    Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**SEVENTH CLAIM FOR RELIEF**

(ORS 659A.203 – Whistleblower)

95.    Plaintiff re-alleges all relevant paragraphs.

96.    Plaintiff reported health and safety violations to Defendant.

97.    Defendant discriminated and retaliated against Plaintiff because of the reports made by Plaintiff. Defendant's actions violated ORS 659A.203, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.

98.    Plaintiff is entitled to a declaration that the conduct of the Defendant violated ORS 659A.203.

99.    As a result of Defendant's conduct, Plaintiff suffered and continues to suffer non-economic and economic damages.

100.    Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

101.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

102.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

103.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

104.    Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorneys' fees and costs, including expert witness fees.

105.    Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## EIGHTH CLAIM FOR RELIEF

### (ORS Chapter 654.062– Whistleblower)

106.    Plaintiff re-alleges all relevant paragraphs.

107.    Plaintiff reported health and safety violations to Defendant.

108.    Defendant discriminated and retaliated against Plaintiff because of the reports made by Plaintiff. Defendant's actions violated ORS 654.062, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

109.    Plaintiff is entitled to a declaration that the conduct of the Defendant violated ORS 654.062.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

110.    As a result of Defendant's conduct, Plaintiff suffered and continues to suffer non-economic and economic damages. Plaintiff is entitled to the relief, damages, attorneys' fees, costs, and interest as alleged below.

## NINTH CLAIM FOR RELIEF

(Oregon Sick Leave - ORS 653.641)

111.    Plaintiff realleges all relevant paragraphs.

112.    Plaintiff sought to take sick leave protected by ORS 653.641.

113.    Defendant employed 10 or more persons in the State of Oregon.

114.    Prior to taking leave Plaintiff was employed by Defendant for more than 90 days and Plaintiff was already employed by Defendant on January 1, 2016.

115.    Plaintiff sought sick leave to care for his ill and elderly father.

116.    Defendant interfered, discriminated and retaliated against Plaintiff for taking leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating his employment.

117.    As a result of Defendant's interference, discrimination and retaliation against them, Plaintiff suffered and continues to suffer economic losses.

118.    As a result of Defendant's discrimination and retaliation against them, Plaintiff is entitled to equitable relief.

119.    Pursuant to ORS 659A.885, Plaintiff is entitled to recover back pay.

120.    The court should enter an order declaring that Defendant violated ORS 653.641.

121.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

122.    Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Carter's reasonable attorneys' fees and costs, including expert witness fees.

123.    Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## TENTH CLAIM FOR RELIEF

### (Wrongful Termination)

124.    Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

125.    Defendant terminated Plaintiff's employment in retaliation for Plaintiff's having requested and taken protected medical leave.

126.    Plaintiff's remedies under federal and state statutory law do not constitute a complete remedy for the damage Defendant has inflicted.

127.    Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

128.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

129.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

130.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

131.    Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorneys' fees and expert witness fees.

132.    Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against Defendant:

A.    A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

B.    A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

C.    Equitable relief, including, but not limited to, reinstatement if Plaintiff so chooses;

D.    Liquidated damages;

E.    Plaintiff's costs and disbursements incurred herein;

F.    Plaintiff's attorneys' fees; and

/////

/////

/////

/////

/////

/////

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

       G.     For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**


Dated: June 28, 2021

                                 **Law Offices of Daniel Snyder**

                                 */s/ Daniel Snyder*
                                 Daniel Snyder, OSB No. 783856
                                 dansnyder@lawofficeofdanielsnyder.com
                                 Carl Post, OSB No. 06105
                                 carlpost@lawofficeofdanielsnyder.com
                                 John David Burgess, OSB 106498
                                 johnburgess@lawofficeofdanielsnyder.com
                                 Tel: (503) 241-3617 / Fax: (503) 241-2249

                                 Of Attorneys for Plaintiff

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249